**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Alegre Gonzalez, et al. ) | No. CV 06-2485-PHX-MHM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Tanimura & Antle, Inc. ) | |
| ) | |
| Defendant. ) | |

Plaintiffs have filed a motion for leave to amend Plaintiffs' First Amended Complaint (Dkt.#129). After reviewing the motion, response, and reply, the Court issues the following Order.

**I.    Introduction**

Plaintiffs seek to amend their complaint for a second time – this time to include A.R.S. § 23-351(A)-(C) and § 23-352 as additional grounds for Defendant's violation of the Arizona Wage Act.

Plaintiffs initially filed a claim for violations of the Arizona Wage Payment Act and listed "A.R.S. § 23-350 et seq." in the complaint, specifying that the violations at issue centered around § 23-353. (Dkt.# 20)

Defendant moved for summary judgment as to this claim on the ground that A.R.S. § 23-353 only applied to employees who are discharged or quit. (Dkt.#51) Based in part on

the fact that Plaintiffs never addressed this argument in their response, the Court granted Defendant's motion as to this claim. (Dkt.#121; Dkt.#119 at 25-26)

Plaintiffs subsequently filed a motion for reconsideration regarding this claim. (Dkt.# 121) In the motion, they asserted for the first time, and without any explanation for their delay, that Arizona's Wage Payment Act, specifically A.R.S. § 23-351(c) entitled all employees to their proper wages regardless of their employment status. Also for the first time, they asserted that there was evidence before the court that Plaintiffs had been discharged or quit because they were seasonal workers and the season had ended. The Court noted that these "arguments and facts were previously available and should have been raised by Plaintiffs during the summary judgment briefing" and denied the motion for reconsideration, explaining that Rule 59 was not intended to allow parties to raise additional theories that they failed to raise at the appropriate briefing stage. (Dkt.#128 at 2)

Apparently desiring a "third bite" at the same apple, Plaintiffs have now filed a motion to amend the complaint for a second time to include claims under A.R.S. § 23-352 and -353. (Dkt.# 129) This request occurs unusually late in this litigation. Discovery closed on November 30, 2007, nearly a year and half ago. (Dkt.#31) The Court's Rule 16 Scheduling Order lists the deadline for filing motions to amend the complaint as May 1, 2007, over two years ago. (Dkt. #12)

**II.     Analysis**

Leave to file an amended pleading under Fed.R.Civ.P. 15(a) "shall be freely given when justice so requires" and this policy "'is to be applied with extreme liberality.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)(quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). Inferences should be drawn "in favor of granting the motion" to amend. Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir. 1999). Even assuming that Plaintiff unreasonably delayed seeking to file an amended complaint, "'[u]ndue delay by itself ... is insufficient to justify denying a motion to amend.'" Owens, 244 F.3d at 712-13 (quoting Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999)). However, where there is undue delay combined with bad faith

or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, or futility, denial of a motion to amend is proper. Foman v. Davis, 371 U.S. 178, 182 (1962). In such cases, the decision of whether or not to allow amendment is committed to the discretion of the court. Id.

Here, it appears that several of these factors weigh against granting Plaintiffs leave to amend.

First, there has been a lengthy and undue delay. Plaintiffs have provided no explanation for their delay, especially since the facts and legal theories necessary for the amendment appear to have been in Plaintiffs' possession since the inception of this case. See Jackson v. Bank of Hawaii, 902 F.2d 1385 (9th Cir. 1990) (explaining that when "the moving party knew or should have known the facts and theories raised by the amendment in the original pleading," its delay was "inexplicable and unjustified"); Maldonado v. City of Oakland, 2002 WL 826801 (N.D. Cal. 2002) (explaining that the denial of amendment was proper where the plaintiff knew the facts and theory since the inception of the case). The deadline for discovery ended nearly a year and a half ago. The deadline for filing motions to amend the complaint was over two years ago. Allowing Plaintiffs to allege an entire statute "et seq." and then selectively add and discard particular statutory sections at their leisure could potentially cause this case to drag out for years. The Court created the deadlines mentioned above in order to manage it docket in an efficient manner. While delay alone is an insufficient basis for denying a motion to amend, when prejudice results to the opposing party as a result of the undue delay, courts may properly deny leave to amend a pleading. Howey v. U.S., 481 F.2d 1187, 1190-91 (9th Cir. 1973)

Here, it appears that the delay would unfairly prejudice Defendant. Defendants conducted twenty depositions while relying on Plaintiffs' representation that A.R.S. § 23-353 was the basis for their claim. It also expended a significant amount of time litigating this claim at summary judgment and responding to plaintiff's motion for reconsideration. Allowing Plaintiff to plead this claim at this phase would likely require the reopening of

1 | discovery and a substantial delay until trial. It would also require a readjustment of the
2 | Defendant's trial strategy to include the additional claim.

Based on the combination of undue delay and unfair prejudice to Defendant, Plaintiffs motion for leave to amend is denied.

**Accordingly**,

**IT IS ORDERED** that Plaintiffs' motion for leave to amend Plaintiffs' First Amended Complaint (Dkt.#129) is denied.

**IT IS FURTHER ORDERED** directing the parties to meet and confer regarding the claims that remain in preparation for a status hearing on August 24, 2009 at 4:30 p.m., at which time the Court will set a final pretrial conference date and a trial date.

DATED this 14th day of July, 2009.

_____
Mary H. Murguia
United States District Judge