**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jorge Alegre Gonzalez, et al. | ) | No. CV 06-2485-PHX-MHM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Tanimura & Antle, Inc. | ) | |
| Defendant. | ) | |

Currently pending before the Court is Plaintiff's Motion for Statutory Damages (Dkt.#131). After reviewing the motion and accompanying papers, the Court issues the following Order.

After both parties moved for summary judgment, the Court ruled that Defendant had violated the Fair Labor Standards Act ("FLSA") by failing to compensate Plaintiffs for time they spent waiting for ice to melt off the fields. (Dkt.#119 at 13-22) It also held that Defendant violated the Migrant and Seasonal Agricultural Workers Act ("AWPA") by failing to keep a record of this time and for failing to include the basis upon which Plaintiffs' incentive pay was calculated in their weekly payroll receipts, making it impossible for Plaintiffs to discern whether they were appropriately paid for the work performed. (Dkt.#119 at 22-25)

As part of its Order, the Court directed Defendant to "determine the damages owed to Plaintiffs by making a good faith effort to calculate the hours Plaintiffs have waited for the

ice to melt off the field for which they have not been paid." (Dkt.#119 at 22) In response, on December 30, 2008, Defendant produced a data compilation from weathersource.com, a commercial weather provider that offers "tailored solution[s]" for "challenging weather problem[s]." According to this data, the temperature fell below 38 degrees on only five days, contradicting Plaintiff's testimony, payroll records, and crew sheets, as well as the data obtained by Plaintiffs from the Arizona Meteorological Network, which showed that in Yuma Valley, the temperature was at or below 38 degrees on 75 days during the relevant seasons. When Plaintiff's counsel pointed out these facts to Defendant, Defendant responded by requesting a copy of Plaintiff's data, which Plaintiff provided with a request for an accurate assessment of wait time damages, or in the alternative, a stipulation for statutory damages. Defendant, however, did not respond. Based on Defendant's failure to provide a good faith estimate of damages, Plaintiff seeks statutory damages for Defendant's FLSA violation, as well as each of Defendant's AWPA violations as ruled on in Plaintiff's motion for summary judgment.

Defendant responds by arguing that it is inappropriate to award AWPA damages for "alleged" violations of the FLSA. The Court has already ruled on this issue and held, in its summary judgment order, that Defendant has violated the FLSA. This issue is no longer in dispute. Therefore, any attempts by Defendant to confuse the issue by arguing that when averaged out over the work week, Plaintiffs were paid at a rate that exceeded the FLSA minimum, are completely unavailing. Defendants even go so far as to state that "Plaintiffs are not entitled to AWPA statutory damages because no FLSA violation has occurred." (Dkt.#136 at 4) Setting aside for the moment the more difficult issue of whether AWPA statutory damages may properly be used to remedy an FLSA violation, there is simply no question that Defendant's underlying premise is wrong. The FLSA has been violated. Plaintiffs were not paid for the time they spent waiting for the ice to melt off the fields. (Dkt.#119 at 13-22) The Court has already rejected Defendant's attempts to average out this time to make up for the FLSA violation at summary judgment and when ruling on Defendant's Motion for Reconsideration. As Plaintiff points out in its Reply, even if the

Court were inclined to accept this argument, it would necessarily follow that the paystubs provided to Plaintiffs contained erroneous information, further compounding Defendant's violations of the AWPA. The Court finds that the more sensible alternative is to reaffirm its previous ruling at summary judgment and on Defendant's Motion for Reconsideration that Plaintiffs' time spent waiting for the ice to melt was uncompensated time. Thus, the only remaining question as to this issue is the appropriate amount of damages.

Plaintiffs argue that because the two statutes are closely interrelated, it is appropriate to use the AWPA to enforce the FLSA and cite two cases to support their position: *Castillo v. Givens*, 704 F.2d 181, 198 n.41 (5th Cir. 1983) (noting that "the [FLCRA, now AWPA] can be used to enforce rights conferred by the [FLSA]), *disapproved of on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) and *Maldonado v. Lucca*, 636 F.Supp. 621, 640 (D.N.J. 1986) (noting that "penalties authorized under [AWPA] can be used to address an employer's failure to maintain proper payroll records, as required under both [FLSA and AWPA]). Defendants respond that this request improperly circumvents the FLSA and that the two cases mentioned above meant to limit their holding to situations where rights that had been created but that were unenforceable under the FLSA might be remedied by the AWPA.

The Court finds that Defendants should be given one last chance to comply with the Court's summary judgment order that was issued nearly a year ago. Defendant is directed to submit to Plaintiffs and this Court, no later than ten days from the date of this order, an approximation of damages that includes days on which the temperature was at or below 38 degrees (excluding non-work days, which are likely comprised of Sundays and company holidays in which no work occurred), as well as an explanation of the wait time per individual per day and per week in order to allow Plaintiffs to determine whether this approximation comports with their memories of the days in question. The Defendants are to base this calculation on the data provided by the Arizona Meteorological Network that was ultimately adopted as Exhibit C to Carmen Ponce's Affidavit (Dkt.#137-10), since both parties apparently agree that the data contained therein is a reasonable approximation of the

temperatures in the relevant areas during the dates in question. If this calculation is not completed within ten days, the Court will likely be inclined to exercise its discretion to award Plaintiff statutory damages to each plaintiff in the amount of $500 for each violation of the AWPA and FLSA. For the Plaintiffs who worked only one season, the total award for their AWPA and FLSA claims would be $1,500 each, whereas for the Plaintiffs who worked all three seasons, the award would be $4,500 each.

**Accordingly**,

**IT IS ORDERED** denying Plaintiff's Motion for Statutory Damages for the time being, while expressly granting Plaintiff the right to re-urge this motion if Defendants have not completed a reasonable damages estimate as outlined above within ten days of the date of this order. (Dkt.#131)

DATED this 31st day of August, 2009.

_____
Mary H. Murguia
United States District Judge